AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Utah

FILED IN UNITED STATES DISTRICT COURT, DISTR... OF UTAH

JAN 07 2020

D. MARK JONES, CLERK
BY_____
DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

BLACK MOTOROLA CELL PHONE WITH NUMBER 435-375-1600

Case No. 4:20-mj-00005

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attached Affidavit

located in the _____ District of ___Utah___, there is now concealed *(identify the person or describe the property to be seized)*:

See attached Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C 841(a) | Possession of a Controlled Substance with Intent to Distribute |

The application is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.
☑ Delayed notice of __90__ days (give exact ending date if more than 30 days: __04/06/2020__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brady Wilson, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __04/07/2020__

*Judge's signature*

City and state: St. George, Utah

Paul Kohler, U.S. Magistrate Judge
*Printed name and title*

JOHN W. HUBER, United States Attorney (#7226)
STEPHEN P. DENT, Assistant United States Attorney (DC 1034263)
Attorneys for the United States
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4265

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 07 2020

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA TO SEARCH A BLACK MOTOROLA CELL PHONE WITH NUMBER 435-375-1600 | Case No. 4:20 mj 00005<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Brady Wilson, a Special Agent (SA) with the Drug Enforcement Administration, being duly sworn, depose and state as follows:

**I.   AFFIANT'S BACKGROUND AND QUALIFICATIONS**

1.   I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) and have been so employed since February 5, 2010. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). I am currently assigned to the St. George, Utah Post of Duty. I graduated from Seattle University School of Law with a Juris Doctor and worked as a Deputy Prosecuting Attorney at the Pierce County Prosecutor's Office in Tacoma, Washington prior to my employment with DEA. I attended and graduated the DEA Office of Training, Basic Agent Training Program where I received approximately 650 hours of specialized drug related investigative training. This training included drug identification, drug related investigative techniques, interview and interrogation training, preparation and execution of search warrants, tactical application of drug enforcement, surveillance and electronic monitoring techniques, money laundering investigations, and asset identification and forfeiture. In my capacity as a Special Agent, I conduct investigations of the Controlled Substances Act, that is, Title 21, United States Code, Sections 841, et seq., and related offenses. I have participated in numerous drug and money laundering investigations which have involved the use of a variety of law enforcement techniques, including the use of confidential sources and undercover officers, physical

surveillance, electronic surveillance, wire surveillance, pen register and telephone toll analysis, Title III intercepts, investigative interviews, the preparation and service of search and arrest warrants, reviews of taped conversations, and the review of records commonly associated with drug traffickers and money launderers.

2. During my career, I have investigated numerous types of criminal offenses. These investigations have included the unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These investigations have utilized the following investigative techniques: the use of sources, undercover agents, the analysis of pen register, trap and trace, and toll records, physical surveillance, and the execution of search warrants. I have planned, participated in, and supervised the execution of dozens of search warrants authorizing the search of locations associated with drug traffickers and their co-conspirators, such as residences, businesses, storage facilities, outbuildings, safety deposit boxes, and vehicles.

3. I have also drafted multiple federal affidavits, have testified in grand jury proceedings, and have written investigative reports. These investigations resulted in numerous state and federal prosecutions of persons who have possessed, imported, or distributed controlled substances, as well as the seizure of illegal drugs and the proceeds from the sale of those drugs. I have also interviewed defendants at the time of their arrest and have debriefed, spoken with, or interviewed numerous drug dealers or confidential sources at proffer and safety valve interviews. From these interviews, and from discussions with other experienced agents, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of firearms to protect their narcotics related activities and of cellular telephones, pagers, and personal digital assistants to facilitate communications while avoiding law enforcement scrutiny. By virtue of my training and experience, and my interactions with other experienced agents who conduct drug investigations, I am familiar with the methods used by drug traffickers to: (1) import, transport, store, safeguard, and distribute drugs; (2) collect, transport, store, safeguard, remit, and/or launder drug proceeds; (3) obtain and utilize telephones, computers, and other devices in order to communicate with each other, as well as the jargon and/or codes commonly used when they refer

to drugs and/or drug proceeds. I also have examined documentation of various methods in which illicit drugs are smuggled, transported, and distributed. I have had discussions with other law enforcement officers and cooperating individuals about the packaging and preparation of narcotics, methods of operation, and security measures that are often employed by narcotics traffickers. As a result of my experience, I have become familiar with the day to day operations and the various tools, methods, trends, paraphernalia and related articles utilized by various traffickers in their efforts to manufacture, possess, import, conceal, package, use, and distribute controlled substances.

## II.   PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a Search Warrant authorizing the search and collection of data from the following cellular telephone:

> A **black Motorola Cell Phone**. This is a cellular telephone that was recovered following a traffic stop of Coby Gordon in Washington County, Utah on January 6, 2020. Pursuant to that traffic stop, investigators recovered over 100 grams of suspected crystal methamphetamine and over 200 grams of suspected heroin in the vehicle where the phone was located. The **black Motorola Cell Phone** is currently secured in evidence in St. George, Utah. As described below, investigators believe the **black Motorola Cell Phone** was being utilized by Gordon in furtherance of a drug trafficking conspiracy in which he was actively involved.

5. Since this affidavit is being submitted for the limited purpose of obtaining authority to search the Subject Telephone, I have not included every fact known concerning this investigation. I have set forth only the facts that I believe are essential for a fair determination of probable cause for the requested search warrant.

## III.   PROBABLE CAUSE

6. On January 6, 2019, Washington County Drug Task Force Detective Brett Gibson applied for and obtained an order authorizing search of 1) a storage unit located at 810 N. 1080 E., unit#16, St. George, Utah (4:20-mj-00001); 2) the basement apartment located at 411 N. 300 W., St. George, Utah (4:20-mj-00002); and 3) a 2000 blue Audi A4 with Utah License 5E9AU (4:20-mj-00003), each associated with an investigation into the drug trafficking of Coby Gordon covering the last several months. The orders were authorized by federal Magistrate Judge Paul Kohler on January 6, 2020. In the evening of January 6, 2020, investigators executed those

3

warrants after Gordon was stopped by investigators in Washington County, Utah in the Audi shortly after returning from Las Vegas, Nevada.

7. Pursuant to a search of the Audi executed shortly after Gordon drove it back from Las Vegas, investigators located over 100 grams of a white crystalline substance that field tested positive for methamphetamine and over 200 grams of a black-tar substance that field tested positive heroin in the Audi. There were no passengers in the Audi and investigators located the **black Motorola Cell Phone** on Gordon's person.

8. Investigators also located illegal drugs and one firearm in Gordon's bedroom at the basement apartment pursuant to the execution of the search warrant and located illegal drugs and three other firearms (one was determined to be stolen) in the storage unit pursuant to the execution of the search warrant there.

9. Gordon later provided information in an interview in which he described using the **black Motorola Cell Phone** to arrange with his source(s) of Supply to obtain illegal drugs and used the **black Motorola Cell Phone** to arrange the redistribution of those illegal drugs with his buyers in Washington County, Utah. Gordon admitted to regularly buying and selling illegal drugs.

## V. KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

10. Based upon my training and experience, and conversations with, and training from, other officers and agents involved in narcotics investigations, I know the following:

a. Drug dealers use cellular telephones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. Since cellular phone use became widespread, every drug dealer I have contacted has used one or more cellular telephones for his or her drug business. I also know that it is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business. Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or crimes. This includes the following:

1. The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely

4

identify the telephone. This information can be used to obtain toll records, to identify contacts by this telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source.

2.  The stored list of recent received, missed, and sent calls is important evidence. It identifies telephones recently in contact with the telephone user. This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or surveilled meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

3.  Stored text messages are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

4.  Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the drug trafficking organization. Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs. Also, digital photos often have embedded "geocode" or GPS information embedded in them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located.

5.  Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

## V.   CONCLUSION

11. Based on the foregoing, I respectfully submit there is probable cause to believe that the **black Motorola Cell Phone** that was recovered as part of the traffic stop and recovery of a relatively large amount of crystal methamphetamine and heroin was used in furtherance of narcotics trafficking, and that the information sought herein will materially aid the investigation.

12. I further believe that information concerning the aforementioned offenses will be obtained by searching and collecting the data from the **black Motorola Cell Phone**, as it will assist investigators in understanding connections between already known people and places involved in the conspiracy, and assist in identifying currently unidentified targets.

13. We are in the middle stages of this investigation and believe that the investigation will ultimately lead us to other jurisdictions. I also believe that the investigation will ultimately

5

lead us to numerous other individuals involved in narcotics trafficking. Accordingly, the investigation will most assuredly last more than 90 days. Premature disclosure of this application will potentially result in flight or destruction of evidence, and otherwise jeopardize the investigation. Therefore, I request that this affidavit be sealed. I further request delayed notice of 90 days pursuant to 18 U.S.C. 3103(a), with leave to request further delays on good cause shown.

Dated the \_\_07\_\_ day of January, 2020 at St. George, Utah

_____
Brady Wilson, Special Agent
Drug Enforcement Administration

_____
THE HON. PAUL KOHLER
United States Magistrate Judge